**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Lee Jones,<br><br>    Petitioner,<br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-01-592-TUC-FRZ<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. On September 29, 2008, the Court denied Petitioner's amended habeas corpus petition and entered judgment. (Dkts. 141, 142.) The Court simultaneously issued a Certificate of Appealability (COA) with respect to Claim 1D, in part. (Dkt. 141 at 48-49.) In the present motion, Petitioner challenges the Court's resolution of Claims 4 and 17 and requests that the Court issue a COA as to Claims 4, 11, and 17.

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**Claim 4**

The Court dismissed Claim 4 as not cognizable pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that unlawful search and seizure claims are generally not subject

to review if petitioner had full and fair opportunity to litigate claim in state court). Petitioner argues that the AEDPA overruled *Stone*; therefore, he contends this claim should be reviewed pursuant to 28 U.S.C. § 2254(d). In support of this claim, Petitioner cites only general law regarding statutory interpretation. (Dkt. 143 at 3-4.) These general arguments are not persuasive in light of the many circuit courts that have continued to apply *Stone* to cases governed by the AEDPA. *See Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003) (noting that *Stone* placed Fourth Amendment claims entirely outside the scope of the statute, therefore, AEDPA statutory amendment not applicable); *Marshall v. Hendricks*, 307 F.3d 36, 81-82 (3d Cir. 2002); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006); *Seymour v. Walker*, 224 F.3d 542, 553 (6th Cir. 2000); *Chavez v. Weber*, 497 F.3d 796, 801-02 (8th Cir. 2007); *Brown v. Sirmons*, 515 F.3d 1072, 1082-83 (10th Cir. 2008); *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008). Petitioner has not demonstrated that this Court's decision regarding Claim 4 was clear error; the request to amend judgment as to this claim is denied.

**Claim 11**

Petitioner requests a COA as to Claim 11, which alleged that his postconviction counsel was constitutionally ineffective. Petitioner argues that an Arizona superior court recently recognized that defendants have a right to effective assistance of counsel during postconviction relief (PCR) proceedings, and that the Ninth Circuit has granted briefing on this issue in a recent appeal. As discussed in the Court's order denying this claim (Dkt. 115 at 20), whether Petitioner had a constitutional right to effective PCR counsel is irrelevant because any such claim is statutorily precluded as a basis for relief in a habeas proceeding. *See* 28 U.S.C. § 2254(I) (precluding § 2254 relief for ineffective counsel during state PCR proceedings). The Court denies Petitioner's request for a COA as to Claim 11.

**Claim 17**

The Court dismissed Claim 17 – alleging that death by lethal injection is cruel and unusual – because it found that the claim had not been raised in state court and that Petitioner no longer had an available state court remedy; therefore, it was technically exhausted and procedurally defaulted. (Dkt. 115 at 22-23.) Petitioner now argues that an Arizona superior

court recently agreed to hear a lethal injection challenge in a successive PCR petition, *see Landrigan v. State of Arizona*, No. 90-000066 (Maricopa County Super. Ct. June 27, 2008) (order denying State's motion to dismiss petition and granting argument regarding lethal injection); therefore, he contends he has an available remedy in state court.

As addressed in the Court's prior order regarding Claim 17, Arizona Rule of Criminal Procedure 32.2(a)(3) precludes relief for claims waived for failure to raise them in an earlier proceeding. On this basis, the Court found that Petitioner did not have an available remedy in state court. State court procedural bars must be independent of federal law and adequate to warrant preclusion of federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Arizona's preclusion rule has been held to be independent of federal law, *see Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its preclusion rules such that they are an adequate bar to federal review of a claim. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same). The fact that one state court judge decided to hear a lethal injection challenge does not render the rules inadequate to bar federal review or demonstrate that Petitioner has an available remedy despite the rules. The Court's dismissal of this claim as procedurally barred was not clear error.

Even if the Court were to find that this claim was not precluded in state court and not procedurally defaulted, Petitioner would not be granted merits review as he requests. Petitioner's approach fails to acknowledge that he cannot obtain relief in this Court on an unexhausted claim. 28 U.S.C. § 2254(b)(1). A stay while Petitioner exhausted the claim would not be warranted because there is not good cause for Petitioner's failure to exhaust this claim prior to filing his federal habeas petition or in the four years since this Court found it procedurally barred. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (finding a stay inappropriate when no good cause for the failure to exhaust claims in state court before coming to federal court). The Court denies reconsideration as to Claim 17 and denies a COA on this claim.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 143) is **DENIED**.

DATED this 27th day of October, 2008.

FRANK R. ZAPATA
United States District Judge