**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Lee Jones,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al,<br><br>           Respondents. | No. CV-01-00592-TUC-TMB<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

In accordance with the Court's Order, (Doc. 186) the parties, through undersigned counsel, jointly propose that the Court issue an order of protection to protect Petitioner's limited waiver of the attorney-client privilege, work product, and Fifth Amendment privilege, as set forth in the proposed order below.

**Order of Protection**

The Court has determined that an evidentiary hearing is necessary with respect to whether state PCR counsel was ineffective for failing to raise Claim 1D in Petitioner's first PCR proceeding. (Doc. 185). Claim 1D alleges ineffective assistance of trial counsel during the guilt and sentencing phases of Jones' capital proceedings. At the evidentiary hearing, this Court will determine whether Petitioner's state court PCR counsel acted deficiently in defaulting the subject claims against trial counsel, and whether there is a reasonable probability the result of the PCR proceedings would have been different. Assessing the latter will necessarily entail considering the merits of the defaulted IAC claim against trial counsel. *Clabourne v. Ryan*, 745 F.3d 362, 377-78 (9th Cir. 2014).

The parties agree that Petitioner's prosecution of his claims of ineffective assistance of PCR and trial counsel, and the Respondents' defense thereof (1) will necessarily result in a limited waiver of the attorney-client privilege and work product protections; and (2) *may* result in a waiver of Petitioner's Fifth Amendment privilege. The parties further agree that an order of protection is necessary to protect the Petitioner's limited waiver of these privileges and constitutional rights in these proceedings. The Court enters such an order for the reasons and in accordance with the scope described below.

<u>Attorney-Client Privilege and Work Product.</u> "It has long been the rule in the federal courts that, where a federal habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). While assertion of an ineffective assistance of counsel claim does constitute a waiver of the attorney-client privilege and work product protections, that waiver is limited and this Court is required "to ensure that the party given . . . access to [attorney-client or work product materials] does not disclose these materials, except to the extent necessary in the habeas proceeding." *Id.* at 727-78. Under *Bittaker*, when this Court permits discovery or disclosure of otherwise confidential or privileged information for use in federal habeas proceedings, the use of such privileged or confidential information must be limited to those proceedings, and not used in any retrial or resentencing proceeding, should one or the other occur. *Id.* at 726.

<u>Fifth Amendment Privilege.</u> In respect to the prosecution of an ineffective assistance of counsel claim in federal habeas proceedings, the Fifth Amendment constitutional guaranty against self-incrimination prohibits use of Petitioner's testimony elicited in such federal proceedings at any later proceeding. *See Lambright v. Ryan*, 698 F.3d 808, 822 (9th Cir. 2012) (petitioner's testimony in federal habeas proceeding is prohibited from being used at resentencing "so long as it could be used to establish aggravating factors or to undermine his claim of mitigating factors"). The Fifth

Amendment also protects Petitioner's statements to mental health or medical experts and places limitations on the use of such statements at a later proceeding. *Id.* at 823; *Estelle v. Smith*, 451 U.S. 454 (1981) *and see, Lambright v. Ryan*, No. CV-87-235-TUC-CJK at Dist. Ct. Doc. No. 413 p. 3-4.

Based on the foregoing, **IT IS HEREBY ORDERED** that all attorney-client privileged communication and work product related information disclosed in these proceedings during disclosure, discovery, or at the hearing, and designated confidential in accordance with the court-approved procedure described below, shall only be used in these proceedings. Documents and other evidence designated as confidential attorney-client or work product, in accordance with the court-approved procedure described below, may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing, should relief be granted in these proceedings and a retrial or a resentencing ensues.

**IT IS FURTHER ORDERED** that any testimony which Petitioner may give in these proceedings, any statements Petitioner has or will provide to mental health or medical experts, and the expert findings reliant or based on those statements, shall only be used in these proceedings, once such evidence is designated as "Confidential" as determined in accordance with the court-approved procedure described below. Documents and other evidence designated as confidential under the Fifth Amendment, in accordance with the court-approved procedure described below, may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing, should relief be granted in these proceedings and a retrial or resentencing ensues.

**IT IS FURTHER ORDERED** that the ultimate determination of the confidentiality of documents and evidence shall be determined and regulated under the following procedure:

1. <u>Petitioner's Document Disclosures:</u> Any documents produced or disclosed by the Petitioner, which the Petitioner deems protected by the limited waiver of the

attorney-client privilege, work product, or the Fifth Amendment privilege, shall be stamped "Confidential". Exclusive of any expert witness reports produced by the Petitioner, which are separately addressed for confidentiality and protection in paragraph 6 below, within 20 days after service of the confidential documents on the Respondents, the Respondents shall either accept the confidential designation, or interpose an objection to the designation by notifying Petitioner in writing of the reason for the objection. Petitioner shall reply to the Respondents' objection within 15 days of receiving Respondents' objection, and if the parties are still in disagreement, then either party may present a timely application for resolution of the confidentiality dispute to the Court. Any documents marked "Confidential" to which Respondents have made no timely objection, or any documents to which objection has been made, which have been designated confidential by the Court, shall be deemed confidential for all purposes in all phases of these proceedings, including any appeal after this Court's judgment, and such documents may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing if such proceedings ensue, except that any party may move to vacate or modify the protective order should they believe grounds exist to do so.

2. <u>Respondents' Document Disclosures:</u> Any documents produced or disclosed by the Respondents, which the Petitioner deems protected by the limited waiver of the attorney-client privilege, work product, or the Fifth Amendment privilege, shall be stamped "Confidential" within 15 days of Petitioner's receipt of the documents. Exclusive of any expert witness reports produced by the Respondents, which are separately addressed for confidentiality and protection in paragraph 6 below, within 20 days after Petitioner notifies Respondents of any documents he deems confidential, the Respondents shall either accept the confidential designation, or interpose an objection to the designation by notifying Petitioner in writing of the reason for the objection. Petitioner shall reply to the Respondents' objection within 15 days of receiving Respondents' objection, and if the parties are still in disagreement, then either party may

present a timely application for resolution of the confidentiality dispute to the Court. Any documents marked "Confidential" to which Respondents have made no timely objection, or any documents to which objection has been made, which have been designated confidential by the Court, shall be deemed confidential for all purposes in all phases of these proceedings, including any appeal after this Court's judgment, and such documents may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing if such proceedings ensue, except that any party may move to vacate or modify the protective order should they believe grounds exist to do so.

       3.      <u>Depositions:</u>  Within 30 days after the transcription of the transcript of any deposition, any portion of the deposition which the Petitioner deems protected by the limited waiver of the attorney-client privilege, work product or the Fifth Amendment privilege, shall be identified by designation of page and line number as confidential. Exclusive of expert witness deposition testimony, which is separately addressed for confidentiality and protection in paragraph 6 below, the parties shall interpose their objections and replies to such designations, and seek Court resolution of any disagreement as outlined in paragraph 1 above. Any deposition testimony identified as confidential, to which Respondents have made no timely objection; or any such testimony to which objection has been made, which have been designated confidential by the Court, shall be deemed confidential for all purposes in all phases of these proceedings, including any appeal after this Court's judgment, and may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing if such proceedings ensue, except that any party may move to vacate or modify the protective order should they believe grounds exist to do so.

       4.      <u>Hearing Related Documents and Testimony:</u>  Exclusive of expert witness reports or expert deposition testimony, which are separately addressed for confidentiality and protection in paragraph 6 below, prior to the commencement of the hearing, the

Court shall resolve any remaining disputes with respect to the confidentiality of non-expert related documents or deposition testimony.

5. Exclusive of any expert witness testimony which is separately addressed for confidentiality and protection in paragraph 6 below, within 90 days after the transcription of the transcripts of the concluded evidentiary hearing, any portion of the hearing transcript which the Petitioner deems protected by the limited waiver of the attorney-client privilege, work product or the Fifth Amendment privilege, shall be identified by designation of page and line number as confidential. The parties shall interpose their objections and replies to such designations, and seek Court resolution of any disagreement as outlined in paragraph 1 above. Any hearing testimony identified as confidential to which Respondents have made no timely objection; or any testimony to which objection has been made, which has been designated confidential by the Court, shall be deemed confidential for all purposes in all phases of these proceedings, including any appeal after this Court's judgment, and may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing if such proceedings ensue, except that any party may move to vacate or modify the protective order should they believe grounds exist to do so.

6. Petitioner's statements to experts, expert witness reports disclosed by the parties, and testimony given by experts in deposition or at the hearing, shall remain confidential throughout these proceedings, and thereafter to the extent provided for by the Court. Within 90 days after the transcription of the transcripts of the concluded evidentiary hearing, any portion of the hearing transcript, deposition transcripts or expert reports which the Petitioner deems protected by the limited waiver of the attorney-client, work product or Fifth Amendment privilege, shall be identified by designation of page, and line number where appropriate, as confidential. The parties shall interpose their objections and replies to such designations, and seek Court resolution of any disagreement as outlined in paragraph 1 above. Any portion of expert reports or expert

testimony identified as confidential to which Respondents have made no timely objection; or any portion of expert reports or expert testimony to which objection has been made, which has been designated confidential by the Court, as well as any statements made by the Petitioner, shall be deemed confidential for all purposes in all phases of these proceedings, including any appeal after this Court's judgment, and may not be disclosed or used in any other proceeding, including Petitioner's retrial or resentencing if such proceedings ensue, except that any party may move to vacate or modify the protective order should they believe grounds exist to do so.

**IT IS SO ORDERED.**

                Dated this 3rd day of February, 2017.

                <u>/s/ Timothy M. Burgess</u>
                TIMOTHY M. BURGESS
                UNITED STATES DISTRICT JUDGE